NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BANCIE BLACK,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2015-3223

_____

Petition for review of the Merit Systems Protection Board in No. DC-0831-14-1113-I-1.

_____

Decided: March 11, 2016

_____

BANCIE BLACK, Panama City, Republic of Panama, pro se.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by FRANKLIN E. WHITE, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

_____

Before PROST, *Chief Judge,* DYK, and STOLL, *Circuit Judges.*

PER CURIAM.

Bancie Black appeals a final decision of the Merit Systems Protection Board ("Board"). Because the Board properly denied Mr. Black's petition under the doctrines of res judicata and collateral estoppel, we affirm.

BACKGROUND

Mr. Black received an appointment to a position in the Canal Zone Government by the Panama Canal Company on May 10, 1978, and his position was terminated on September 29, 1979. Effective October 1, 1979, the Panama Canal Treaty of 1977 abolished both the Canal Zone Government and the Panama Canal Company, replacing them with the Panama Canal Commission ("Commission"). Mr. Black then received an appointment by the Commission on October 9, 1979, and continued to serve until December 31, 1999.

In 1999, Mr. Black sought a final determination by the Office of Personnel Management ("OPM") as to whether he was entitled to coverage under the Civil Service Retirement System ("CSRS"). The Board ultimately determined Mr. Black is "excluded from CSRS coverage under [22 U.S.C. §] 3649 because he is not a citizen of the United States, his initial appointment by the Commission occurred after October 1, 1979, and he is covered by the Social Security System of Panama." *Jadusingh v. Office of Pers. Mgmt.,* 91 M.S.P.R. 79, *87–88 (2002).[1] Mr. Black did not appeal this Board decision, and the decision became final.

---

[1]  Mr. Black's full legal name is Bancie Black Jadusingh.

In 2014, Mr. Black submitted to OPM a new application for an annuity under the CSRS based on his federal employment between 1978 and 1999. OPM denied this application and Mr. Black appealed to the Board. An administrative judge issued an order requiring Mr. Black to show cause why his appeal was not barred by the doctrines of res judicata and collateral estoppel. Mr. Black responded that he was presenting new and previously unavailable evidence, that his prior case was wrongly decided, and that his prior case differed from the present appeal because it involved an application for an immediate retirement annuity while the present case involves an application for a deferred annuity. The administrative judge then found Mr. Black's claim barred by res judicata and collateral estoppel. Following a petition for review, the Board affirmed the decision of the administrative judge.

Mr. Black timely appeals the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a final decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Res judicata bars relitigation of issues that were, or could have been, raised in a prior action, *Allen v. McCurry*, 449 U.S. 90, 94 (1980), and applies when: "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases," *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). Collateral estoppel applies when: "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the

prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274–75 (Fed. Cir. 2005).

We agree with the Board that Mr. Black's present claim is barred by res judicata and collateral estoppel. The present claim and the Board's 2002 final decision involved the same parties and the same cause of action— Mr. Black's entitlement to a retirement annuity under the CSRS based on his federal employment from 1978 to 1999. Success in both applications for retirement benefits depended on Mr. Black demonstrating that his federal service from 1978 to 1999 was covered by the CSRS, and this issue was litigated to a final decision in 2002. Despite Mr. Black's request that the Board reopen his appeal to consider new evidence and correct alleged legal errors, res judicata and collateral estoppel bar relitigation of his claim. Both res judicata and collateral estoppel apply even if new evidence exists or the aggrieved party believes the earlier case was wrongly denied. "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and . . . encourage reliance on adjudication." *Allen*, 449 U.S. at 94. Because the Board correctly found that Mr. Black already brought this claim and litigated it to a final decision, we discern no error in the Board's denial of Mr. Black's petition under the doctrines of res judicata and collateral estoppel.

CONCLUSION

For the reasons stated above, we affirm.

**AFFIRMED**

COSTS

No costs.